In the Matter of LIANG-HOUH SHIEH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [665 NYS2d 735] —Per Curiam. Respondent was admitted to practice by this Court in 1983. He resides in Taiwan.

Respondent was admitted to the California Bar in 1987. By order of the Supreme Court of California filed April 2, 1997, he was disbarred in that State.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent, who has filed papers and cross-motions in opposition.

The decision of the State Bar Court upon which the Califor-

nia Supreme Court based its disbarment order introduced its discussion of the matter as follows: the respondent, "through his litigation in California state courts, federal courts, and the State Bar Court, may be considered, as one of his opposing attorneys characterized him, as 'the benchmark by which all vexatious litigants in the state of California will be judged.' As a result of his actions, the State Bar has charged respondent with committing acts of moral turpitude, failing to report substantial sanctions imposed against him, failing to show proper respect for courts, pursuing unjust litigation, commencing or continuing legal actions from a corrupt motive of passion or interest, and engaging in actions which constitute an offensive personality. After reviewing this substantial record, the Court agrees with the State Bar that Respondent has engaged in serious misconduct, has greatly harmed individuals and the administration of justice, lacks any insight into his misconduct, expresses no remorse, and, based on the standards and case law, should be disbarred from the practice of law in California."

Our review of the voluminous papers respondent has submitted in opposition to the motion indicates that he has not established any of the defenses to reciprocal discipline set forth in our rule (22 NYCRR 806.19 [c]). Nor do the papers disclose mitigating circumstances warranting imposition of any discipline other than disbarment.

Therefore, under the circumstances presented, we grant petitioner's motion and order respondent's disbarment, effective immediately.

Cardona, P. J., Mikoll, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that petitioner's motion for the imposition of reciprocal discipline is granted and respondent's cross motions are denied; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred attorneys.